May it please the court. My name is Hank Branham. I'm an assistant federal defender from the Great Falls office of the Federal Defenders of Montana. I represented Ronald Peppers at the trial and I'd like to try to reserve two minutes for my rebuttal. The old saying is that a man's home is his castle. This incident occurred in a family home of Mr. Peppers. It was his mother's home. He had her permission to be there. He testified, Mr. Peppers, at trial that he had seen prowlers recently and that he'd been attacked recently. It was near midnight. It was dark. There were a mix of law enforcement officers involved, including from the Bureau of Indian Affairs, the FBI, and the Glacier County Sheriff's Department. Now, assault on a federal officer is a serious charge, but these facts are significant because it's our contention that the jury instruction we have challenged failed to state that the government must prove beyond a reasonable doubt that the defendant, Mr. Peppers, knew that Brian Kimball was a federal officer. Now, we asked the court to give Ninth Circuit Model 8.5. The standard of review here is not entirely clear. This court in Knapp held that when reviewing a district court jury instruction, the standard depends on the nature of the error alleged, but this court is to review the instructions as a whole to determine whether or not they're misleading or inadequate, and it's our contention they were inadequate. Yes, Your Honor. The court modified the pattern jury instruction by placing the requirement that proof beyond a reasonable doubt is required regarding knowledge that the FBI agent was a federal officer and so forth, and made it a fourth element and stated you had to prove that beyond a reasonable doubt. Why isn't that sufficient? The jury's been told that the government had the burden of proof as to that element, calling it an element, and the burden was proof beyond a reasonable doubt. Well, in the instruction given in the fourth element, it doesn't have the language the government must prove this beyond a reasonable doubt. But this beginning of it is, in order for the defendant to be found guilty of assault on a federal officer as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt, one, two, three, four. So it isn't repeated each time that the government has to prove one and the government has to prove two, but the predicate for the whole instruction is the government has the burden beyond a reasonable doubt to prove these four things. It's peculiar to call it an element, but it seems clear that in some ways it's even stronger for the defendant because it sort of says this is a requirement for the government to prove this and you can't find them guilty unless they've done it. So why is that either a legal error or an abuse of discretion depending on your view of the standard? Because I think that conflicts with this court's holding in Pierre where the court struck down a hybrid element and said the general, as I read it anyway, the general instruction that it's proof beyond a reasonable doubt wasn't adequate in that instruction. And I think it's significant that in the pattern, which if you look at the comments is derived from the Supreme Court in 75 and then an 11th Circuit case from 85, that it's right there to reinforce to the jury that it's beyond a reasonable doubt on this fact. And I think it's especially important in a case. Counsel, I know you're getting ready to say the facts of this case make it especially important. Did you try the case? I did, Your Honor. I read your closing argument. Thank you. And you were very articulate in reading it. You had your theory of defense. Five times you reminded the jury that it was the government's burden to prove beyond a reasonable doubt that he knew who, that it was an officer and so forth. It seems to me that everyone, including the jury, knew what was going on in that trial. Help me with that. Well, respectfully, Your Honor, me saying it however many times is different than when the judge gives it as an instruction. Oh, I agree. But the judge, as Judge Graber pointed out, has told the jury that the government has to prove that, and he calls it an element, beyond a reasonable doubt. And he also told them argument of counsel isn't evidence. Right. And that he gives the other. I just think that when it's – and the facts are important because it was so chaotic, and you're right, the defense was he didn't know. We never denied that he bit him, obviously, because they saw the photos of the agent's arm and heard his testimony. But proof beyond a reasonable doubt is the gravamen of our system. And the fact that the pattern has it right there I think is significant. Well, it may be clearer and better, it probably is clearer and better to give these as separate instructions and do it according to the pattern, but that really isn't the test. We have to look, as you say, at the instructions as a whole and decide whether a reasonable juror would understand the burden of proof as to each part of self-defense. And in Pierre, there was a missing part, which is a little bit different than here. Is there – if you looked at that thing that the court calls the fourth element, is there anything missing from that? I think what's missing is, again, the reasonable doubt language. Other than that, which of course we think is significant, no, it's from the pattern. I would also point out that Pierre said that when there is an error, reversal is required unless there's no reasonable possibility that the error materially affected the verdict. And as the Pierre court said, or in other words, that the error was harmless beyond a reasonable doubt. And so I don't think we can say that the error here was harmless beyond a reasonable doubt. Your problem with Pierre is that the court just did a stand-alone self-defense instruction and just said that the defendant has offered evidence of having acted in self-defense and explained, in essence, a theory of defense instruction. But nowhere says, and this must be proven by the government beyond a reasonable doubt. So Pierre, in my view, makes a lot of sense. The jury wouldn't know that the government had the burden when they were instructed in this way. But in this case, the jury would know, was told the government had the burden. And you very effectively reminded the jury that the government had the burden. Well, maybe not as effectively as I would have liked. But I think Pierre also, yeah, I would say, you know, the phrase is, it's on all fours. I think Pierre is probably on three out of all fours. I can see that. But simply giving it at the beginning of the instruction as opposed to right before the element of knowledge, which was the gravamen of the defense, it's our position that that's what's fatal to the jury instruction and requires a new trial. I'm down to a minute and a half. If there are no further questions right now, I'd like to reserve it. Certainly. Thank you, Your Honor. Good morning, Your Honors. My name is Jessica Bentley. I'm an assistant U.S. attorney from the District of Montana. I am representing the United States. May it please the Court. The government requests that this court affirm the defendant's conviction. His request for a new trial should be denied. Here, the district court did not abuse its discretion in formulating the assault on a federal officer jury instruction when it combined both the elements of the offense of assault on a federal officer as well as the element, this discussed fourth element, of the self-defense instruction for assault on a federal officer. Discussion has been made thus far about the appropriate standard of review. It is the government's position that the appropriate standard of review is an abuse of discretion here and that the lower court, the district court, did not abuse its discretion in formulating this instruction. That's true if all the required elements are in the instruction. If an element is missing, that becomes an error of law. So I guess, in a sense, the merits fold in with the standard of review because if there's nothing beyond a reasonable doubt, then that becomes a legal error rather than a formulation error. Yes, Your Honor. It is the government's position, and I believe also stated in the defendant's reply brief, that there are no elements missing here, that the elements are covered. What the defendant is arguing is that this hybrid instruction misinstructed the jury and created confusion. For a lawyer, it's a little weird. Your Honor, the government does agree with that, that there were two model instructions, model instruction 8.3 and model instruction 8.5, but the district court did effectively combine into one instruction, creating this hybrid instruction. The government's position is that the elements were fully covered, though, that the district court took the first three elements of the assault on a federal officer jury instruction, what the government had to prove for that. There was testimony elicited at trial, a lot of testimony, that the defendant did not know that FBI Special Agent Brian Kimball was, in fact, a federal law enforcement officer. Because that testimony and evidence was elicited at trial, the district court correctly then turned to model jury instruction 8.5, which addressed the issue of self-defense. The district court then took what the government must prove and took the entire statement there, unlike what was done in Pierre, and said the government, in addition, must also prove either one, the defendant knew FBI Special Agent Brian Kimball was a federal officer and continued in the litany of options there, that that element was fully covered in the instruction. The district court then also went on to the additional language found in model jury instruction 8.5, the essential self-defense instruction, defined forcible assault, and also instructed the jury on when the use of force is justified, and clearly informed the jury that the use of force may be justified if the defendant did not know that FBI Special Agent Brian Kimball was, in fact, a federal officer. So the jury heard an overwhelming amount of testimony of these law enforcement officers who went looking for the defendant during this fall evening on the Blackfeet Indian Reservation. The defendant and his mother live in two fairly close trailers on the reservation. The defendant, they believed, had been at his trailer, and so law enforcement stood outside the trailer, their testimony approximately ten minutes, and yelled over loudspeakers and police bullhorns, Mr. Peppers, it's the police, please come out. They needed to arrest him for an earlier incident. Mr. Peppers did not come out of his trailer. His mother's trailer, very close proximity to his own trailer. Law enforcement later learned that the defendant was not in his trailer, he was actually in his mother's trailer, very close. It is possible he could have heard over the loudspeaker, Mr. Peppers, it's the police, come out. Law enforcement then went into the trailer, identified themselves, it was dark, the government recognizes that, but clearly identified themselves as law enforcement. There were five officers there, sheriff's deputies, tribal police, and an FBI agent. And the jury heard how after identifying themselves, the defendant still resisted after being told FBI, law enforcement. This case is not about the facts though, right? This is about the formulation of the jury instructions. It is. So it doesn't matter if you had overwhelming proof beyond a reasonable doubt, it matters whether the jury understood that that was its role to find that, correct? Yes, Your Honor. Okay. And after hearing all of this, and the district court essentially making this hybrid instruction, government believes it was clearly before the jury, that issue of self-defense, that the defendant testified as well saying he did not know he was in law enforcement. So after making this credibility determination, and looking at the jury instructions, which were appropriate, did not misstate the law, had all of the necessary elements there, they could find that this issue was self-defense, looked at the elements, and it was clearly stated that the government must prove beyond a reasonable doubt all of those elements. The jury was clearly instructed. This court has repeatedly held that a trial judge has substantial latitude in formulating jury instructions, so long as the instructions fairly and adequately cover the issues presented. And jury instructions need not be perfect. And here, this may not have been the perfect instruction of leaving model instruction 8.3 and 8.5 alone, but creating a hybrid instruction combining the two is not wrong, and the district court did not abuse its discretion there. Counsel, help me with the record. Let me make sure I'm correct. The instructions were sent to the jury room during their deliberations. Yes, Your Honor. Yes, the instructions were read to the jury in open court, and they took a copy to the jury room as well. And with the facts and evidence set before them and the appropriate elements, there is no error here, and the government and the district court did not abuse its discretion. That Pierre is distinguishable, the government agrees with this court's assessment today of Pierre, that there the court's. I'm sure you're going to say it was a fabulous decision, right? It was a fabulous decision. As this court sat on that decision. Yes, and there the district court, first of all, started off with a defective self-defense instruction. And with that defective self-defense instruction in Pierre, that only gave the jury half of the law and the element there, that no instruction or no, again, re-instruction on the government's burden of proof could cure that defective self-defense instruction. So the government does concur with that, and that this case is distinguishable from Pierre, Mr. Peppers. Finally, the jury did have to make the credibility decision. They obviously. Is that relevant? No, Your Honor. Okay. With the district court's latitude and ability to formulate jury instructions, the government would ask that this court affirm Peppers' conviction, Mr. Peppers' conviction, that the district court did not abuse its discretion in formulating the instructions, and the instructions fairly and adequately covered the law. Thank you, counsel. Thank you. Mr. Branham, you have some time remaining. Thank you, Your Honor. Federal practice in Great Falls is a small community, and Ms. Bentley and I were discussing who would bring up first the Pierre case, and we were going to go author and jury vote, and she beat me to the punch. In my experience, it's usually the defense lawyer who's arguing for some sort of exotic hybrid. In fact, I've been to seminars where that's a topic. But quite frankly, this is a case, of course, where I'm arguing that the Ninth Circuit pattern was sufficient without modification, and that just makes it easier for everybody, and it leads to certainty. And if the pattern is given, we're probably not here one way or the other. Well, there's probably no question. Speaking for myself, there's no question that it is preferable to give the But that doesn't really answer our question, because the trial court does have discretion to alter the pattern, and so we then have to look at what is actually done. Yes, Your Honor, and it's quite simply our submission that what was done here was not appropriate to instruct the jury, and for that reason Mr. Pepper should get a new trial. Thank you very much. Thank you, counsel. We appreciate the arguments of both counsel. The case just argued is submitted.
judges: Black, Graber, Rawlinson